STERLING & WIFE vs. DREW & AL.

APPEAL from the court of the seventh district.

MATTHEWS, J. delivered the opinion of the court. The plaintiffs in this case claim title to a certain tract of land described in their petition. The defendant, Drew, disclaimed any right to the property, and the inhabitants of the parish of Ouachita were permitted to interfere in the suit, and become de-

The possession acquired by actual occupation, tho' not maintained during the whole period required for prescription, cannot be interrupted by a possession merely civil. Where both claimants have obtained a relinquishment from the U. S. he who had the best title from the Spanish government, will prevail.

West'n Dis'ct
October,1826.

STERLING &
WIFE
vs.
DREW & AL.

fendants. Judgment was rendered in their favor in the court below, from which the plaintiffs appealed.

The title set up by the latter is founded on an incomplete grant from the Spanish government to one Epinette, who conveyed his right to the Baron de Bastrop, from whom the title has been transmitted to the appellants, through several mesne conveyances, and has been recognised and confirmed by the United States.

The defendants claim title to the premises in dispute as having been set apart for the use of the parish, to be employed in public purposes, such as a burying ground and site for a church. This claim has been also confirmed by the government of the United States.

In support of the plaintiffs' title, prescription is relied on as based on possession of ten years, and in their claim this must also be taken into view.

In the act of sale from Epinette to Bastrop, the land sold is limited by that now claimed by the defendants. All the subsequent deeds embrace it within these limits. Possession since the year 1810 is proven

to have been held under Bastrop's sale, West'n Dis'et
*October*, 1826

STERLING &
WIFE
*vs.*
DREW & AL. which included the disputed property —
Those who claim in conformity with this
deed, have had only a constructive posses-
sion of the land now sued for, unsupported
by any title emanating from the former sove-
reignty of the country, for the act of sale
from the grantee, under which their title is
deduced, does not convey it to Bastrop. It
is, however, a possession, by which they
have obtained a relinquishment of the title
of the United States, and is, perhaps, such
as would have been sufficient to create title
by prescription, were it exclusive and un-
interrupted *ab initio.* Opposed to this pos-
session is one set up by the defendants,
which is supported by evidence, shewing
that the inhabitants of the parish did use
the land in the manner and for the purposes
for which it was separated and set apart
from the public domain. They enclosed
part of it with fences, and buried their dead
in it. These uses afforded the only means
of taking possession, which united the will
to possess with actual occupation, so far as
the nature of the thing and its destination
would permit. A possession thus commen-

West'n Dis't
October, 1826

STERLING &
WIFE
vs.
'REW & AL.

ced is well retained by the *anemus retenen-di*, which is presumed by law, and cannot be interrupted by an adverse possession merely civil or constructive. The plaintiffs therefore cannot succeed on the ground of their prescriptive title.

It then only remains to examine their pretentions, as supported by other evidences of title. These are the deeds of sale above stated, and they do not ascend so as to shew any concession, even of the most imperfect and inchoate kind, from the Spanish government, which includes the land in dispute.— It is true that this property has been relinquished and confirmed to them by the succeeding government, but it has also been relinquished and confirmed to the defendants. The respective claims and rights of both parties to the suit, rest on the titles which were obtained from the Spanish government, and if they be not equally weak and without foundation, we are of opinion that the preponderance is in favor of that relied on by the defendants, as it is shewn that the disputed ground was laid off and set apart for the use of the inhabitants of the parish.

It is therefore ordered, adjudged and de-

creed, that the judgment of the district court be affirmed with costs.

West'n Dis't
*October*, 1826

STERLING &
WIFE
*vs.*
DREW & AL.

*Oakley* for the defendants, *Thomas* for the plaintiffs.